**Michelle GORDON, Plaintiff-Appellant,**

v.

**BEAU RIVAGE RESORTS, INC.; Mary Cloud, Individually; Sonny Johnson, Individually; Lewis Dye, Individually; Larry Megachine, Individually; Eileen Carol, Individually; Natalie Gordon, Individually; Mike Leonard, Individually; Connie McKay, Individually, Defendants-Appellees.**

No. 05–60227.
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Decided Aug. 16, 2005.

Michelle Gordon, Gulfport, MS, pro se.

Alison L. Tasma, Butler, Snow, O'Mara, Stevens & Cannada, Jackson, MS, Ann Bowden–Hollis, Richard Wayne Sliman, Butler, Snow, O'Mara, Stevens & Cannada, Gulfport, MS, for Defendants–Appellees.

Before SMITH, GARZA, and PRADO, Circuit Judges.

PER CURIAM: *

Appearing *pro se*, Michelle Gordon appeals a summary judgment in favor of her former employer, Beau Rivage Resorts, Inc., and several of its employees sued in their individual capacities. Gordon claims race discrimination and retaliation in violation of title VII and tortious interference with contractual relations.

We affirm, essentially for the reasons given by the district court in its comprehensive and careful memorandum opinion entered on January 7, 2005. The court found that Gordon had not established a *prima facie* case but that, even if she had, the company articulated legitimate, non-discriminatory reasons for terminating her.

Specifically, Gordon violated work rules: A complaint about the sort of language she had used on the job was investigated and found to be accurate. Gordon was unable to show that any similarly-situated employees had received better treatment. And on the state claim of tortious interference, the district court correctly found that under Mississippi law, the employee defendants acted within the scope of their privilege.

AFFIRMED.

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.